IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cynthia Glenn, | ) | C/A No. 6:25-cv-03774-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kenneth Curtis, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's notice of removal.[1] ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On May 8, 2025, the Magistrate Judge issued a Report recommending that the undersigned deny the Petition, remand this action to state court, and deem Petitioner's motion for writ of mandamus as moot. ECF No. 11. The Magistrate Judge advised Petitioner of the procedures and requirements for filing

---

[1] Petitioner paid the full filing fee.

objections to the Report and the serious consequences for failing to do so.[2]  Petitioner filed objections and a corrected notice of removal.[3]  ECF Nos. 14, 14-1.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[2] The Court notes that there is no docket entry indicating that the Report was mailed to Plaintiff.  As Plaintiff clearly responds to the Report in her objections and corrected notice of removal, it is clear that Plaintiff received a copy of the Report and the lack of documentation is a clerical error.  Accordingly, the Court proceeds to an analysis of this case.

[3] Upon review, while she has labeled the second document as an amended notice of removal, most of Petitioner's arguments addressing the Report are in the amened notice of removal.  Accordingly, out of an abundance of caution for a pro se party, the Court construes both documents as objections.

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Because Plaintiff filed objections, the Court's review has been de novo.

The Magistrate Judge first recommends summary remand of this action because Petitioner fails to demonstrate that this Court has federal subject matter jurisdiction over the claims. He further recommends that the Court abstain from deciding Petitioner's claims under the *Rooker-Feldman* doctrine.

In her objections, Petitioner generally alleges that the Magistrate Judge failed to liberally construe her petition. ECF No. 14 at 3. She further asserts that jurisdiction must be considered in conjunction with the factual allegations and legal arguments. *Id.* at 6. Petitioner contends that her due process rights were violated in the state court action because she "was tried and convicted without proper notice or jurisdiction in the state court proceedings, which constitutes a constitutional violation." ECF No. 14-1 at 2. She asserts that the Court of Common Pleas has no authority in the state court action based upon the ruling of the South Carolina Court of Appeals and that Judge Simmons conducted hearings for which she was not properly notified. *Id.* at 2–3. She asserts that the final orders issued in the state court action were invalid and, therefore, cannot be deemed final. *Id.* at 4. She asserts that, while she was the prevailing party in the May 2025 order, the order contained facts that were incorrect and "will have a detrimental outcome." *Id.* at 5. She asserts that these negative findings justify federal court

3

intervention. *Id.* at 7. Petitioner then takes issue with the state court's rulings regarding the property at issue and cemetery. *Id.* at 8.

Here, a final judgment was entered in the state court case in 2020. Removal is inappropriate where a final order has been entered. *Roane v. Everbank*, No. 2:13-CV-1819-CWH, 2013 WL 4505415, at *7 (D.S.C. Aug. 22, 2013) ("With respect to the matter presently before the Court, it is self-evident that the removal provisions require the existence of a currently pending state court action."); *La Count v. Hudgens*, No. 6:24-CV-04383-DCC-KFM, 2024 WL 5323826, at *2 (D.S.C. Oct. 15, 2024), *report adopted*, 2025 WL 91791 (D.S.C. Jan. 14, 2025) ("As such, it appears that this court cannot accept Ms. Hudgen's purported removal because the Eviction Action is not currently pending."). Accordingly, the Court agrees that this action is subject to remand on this basis.

The Magistrate Judge further recommends finding that remand would be appropriate even if the state court action were still pending because Petitioner may not manufacture federal question jurisdiction where the state court action did not arise under the United States Constitution or other federal law. While Petitioner attempts to couch her petition in due process language, there is no issue of federal law in the underlying state court action. Accordingly, this action is subject to remand. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("Under our longstanding interpretation of the current statutory scheme, the question whether a claim arises under federal law must be determined by reference to the well-pleaded complaint. A defense that raises a federal question is inadequate to confer federal jurisdiction. Since a defendant may remove a case only if the claim could have been brought in federal court

4

. . . the question for removal jurisdiction must also be determined by reference to the well-pleaded complaint." (citations and internal quotation marks omitted)); *Lacayo v. Dalton*, No. 24-1480, 2024 WL 5040410, at *1 (4th Cir. Dec. 9, 2024), *cert. denied*, No. 24-6762, 2025 WL 1426724 (U.S. May 19, 2025) ("Moreover, Dalton could not manufacture federal question jurisdiction by raising a federal question in response to Lacayo's appeal or by including federal claims in her notice of removal.").

Because this action is subject to remand for the reasons listed above, the undersigned declines to reach the issue of whether *Rooker-Feldman* is applicable to these facts.[4]

## **CONCLUSION**

Based on the foregoing, the Court agrees with the recommendations in the Report as set out.  Petitioner's motion for writ of mandamus [3] is **DENIED** because the Court lacks jurisdiction over her claims.  This action is **REMANDED** to the Greenville County Court of Common Pleas.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 1, 2025
Spartanburg, South Carolina

---

[4] The Court further finds that there is no indication that the Magistrate Judge failed to liberally construe Petitioner's filings.